## No. 326
### GELINDO v. NYE
Ohio Court of Appeals, Summit County
No. 592. Jan. 18, 1923

This opinion has not been published except in Abstract.

**PREJUDICIAL ERROR—(1) Overruling demurred to defenses which could be proved under general denial—(2) Failure of court to go further and enlarge on charge—(3) Verdict against weight of evidence.**

FUNK, J.

#### Epitomized Opinion

Gelindo brought an action for personal injury caused by the collision of a Cadillac touring car and a motorcycle with a side car attached, in which the plaintiff was riding as a guest of the driver. The action happened at a street intersection in Akron. The defendant's answer contended three defenses, one consisting of a general denial, one that the accident resulted directly, proximately and solely from the negligence of the driver of the motorcycle, and one caused by contributory negligence. The plaintiff filed a general demurrer to the second and third defenses, which was overruled. The trial resulted in a verdict for the defendant and the plaintiff prosecuted error, claiming that the court erred in overruling the demurrer, that the court's charge was erroneous, and that the verdict was clearly against the weight of evidence. In affirming the judgment the court of appeals held:

1. Where several consistent defenses refer to the same cause of action, which they intend to answer, it is not error for the court to overrule a demurrer or motion, because they might have been proved under the defense of a general denial.

2. If the charge of the court is correct as far as it goes, and there are no special requirements to charge, and the court's attention is not called by counsel for the complaining party to any omissions he may have made, it is not prejudicial error for the court not to have gone farther in its charge.

3. While there was considerable conflict in the evidence, there was sufficient evidence to warrant a jury in finding for the defendant.

**Attorneys**—Sieber, Sieber & Amer, for Gelindo; Smoyer, Clinedinst & Smoyer, for Nye.

## No. 327
### MASSILLON-TUSCARAWAS COAL CO. v. E. D. MILLS
Ohio Court of Appeals, Lorain County
No. 219. Feb. 16, 1923

This opinion has not been published except in Abstract.

**EVIDENCE—(1) Evidence as to quality of goods, when quality was not an issue, improperly admitted—(2) Charge by court concerning quality of goods improper—(3) Verdict manifestly against weight of evidence reversed.**

WASHBURN, J.

#### Epitomized Opinion

Error to Lorain Court of Common Pleas

The Coal Co. sued Mills to recover the balance due for a carload of coal sold to Mills and a verdict was rendered for Mills. The Coal Co. claimed that Mills agreed to pay $447 for the coal, but paid only $250. Mills claims that upon learning the price of the coal he refused to accept it, but that in a telephone conversation with its representative he agreed to pay $250 for it. Mills claims also that the coal was of an inferior quality to that bargained for, but in his answer asked no relief in reference to the quality. Evidence was admitted bearing upon the quality of the coal, and the trial court in his charge, instructed the jury that, in order to recover, the Coal Co. must prove that it delivered the quality of coal agreed upon. Held by court of appeals in reversing judgment for Mills:

1. There being no allegation that the buyer of goods objected to the quality of those delivered or asked relief thereto, evidence as to their quality was improperly admitted.

2. The quality of goods not being an issue, a charge by the trial court that the seller thereof must prove that their quality was that agreed upon, was erroneous.

3. After making due allowance for the fact that the jury saw and heard the witnesses and were in a better position than a reviewing court to determine the facts, the court is of the opinion that the verdict is not sustained by a preponderance of the evidence, and should be reversed.

**Attorneys**—R. F. Vandermark, for the Coal Co.; H. M. Redington, for Mills.

## No. 328
### STATE ex rel v. HERDMAN et al
Ohio Court of Appeals, Summit County
No. 674. Jan. 18,1923

This opinion has not been published except in Abstract.

**QUO WARRANTO—(1) Jurisdiction of court of appeals—(2) Irregular elections—(3) De facto officers not subject to collateral attack.**

WASHBURN, P. J.

#### Epitomized Opinion

This was a quo warranto porceeding brought against certain officers of Cuyahoga Falls, including mayor and various members of the council. In November, 1921, there were a mayor and other municipal officers to be elected for this city. In addition to those nominated at the regular primaries, Herdman and others became candidates for municipal officers on what is known as the Citizens' ticket, by filing a petition therefor. As Herdman and various officers were elected to municipal offices on this ticket, they qualified and took their offices on Jan. 1, 1922. Some months afterwards a suit in quo warranto was filed in the court of appeals against these officers upon the ground that their names were improperly placed on said ballot because there was no law by which their names could be placed thereon by petition. A demurrer was filed by each of these defendants, upon the ground that the petition did not state facts sufficient to state a cause of action, and that the court was within jurisdiction to hear and determine the controversy. In sustaining the demurrer the court held:

1. Unless the legislature has provided a court or tribunal or body of men, to try a given class of elections contests, then the court of appeals, by virtue of the jurisdiction in quo warranto conferred upon such court by the state constitution, has authority to inquire into the elections by proceeding in quo warranto.

2. As the legislature, in quo warranto porceedings, has vested in courts of common pleas the authority to inquire into the validity of elections, the court of appeals is within authority or jurisdiction to hear and determine such cases. Therefore a demurrer must be sustained.

3. Officers irregularly elected at election contests become at least de facto officers and their official acts, as against collateral attack, are as binding as if there was no question about their election.

**Attorneys**—Irvin & Laybourne and Geo. W. Coble, for the demurrer; A. W. Doyle, Pros., and Charles H. Howland, contra.